IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Melissa Howze, | § § § | |
| *Plaintiff,* | § § | Case No. 4:23-cv-00061 |
| v. | § § | |
| Kilolo Kijakazi, Acting Commissioner of Social Security,[1] | § § § § § | |
| *Defendant.* | § § | |

## **MEMORANDUM AND ORDER**

This is an appeal from an administrative ruling denying disability benefits. The case was transferred to the undersigned judge upon consent of the parties. Dkt. 4, 5, 6. After carefully considering the parties' briefs, Dkt. 11, 12, the administrative record, Dkt. 2, and the applicable law, the Court denies Plaintiff Melissa Howze's motion for summary judgment and affirms the decision of the Commissioner of Social Security.

### **Background**

Howze filed for social security benefits under Title II of the Social Security Act on July 26, 2019. R.664. The Commissioner denied her claim

---

[1] Although Martin O'Malley became the Commissioner of Social Security Administration on December 20, 2023, no request to substitute him as Defendant has been filed.

both initially, R.543, and upon reconsideration, R.560. Howze requested a hearing before an administrative law judge ("ALJ"). R.579 . She waived her right to be represented at her oral hearing. R.500. After the hearing, the ALJ issued a decision determining that Howze is not disabled. R.294-306.

The ALJ denied Howze's claim at the first step, finding that she engaged in substantial gainful activity in 2020 and thus there was "no continuous 12 month period of disability." R.300. In an abundance of caution, however, the ALJ also evaluated all remaining steps of the disability inquiry. *Id.* He found Howze had the following severe impairments: left foot arthropathies with surgical intervention, cellulitis, and neuropathy. *Id.* But none of those impairments met or medically equaled a listed impairment. R.300-01 (considering Listing 1.17 (reconstructive surgery or surgical arthrodesis of a major weight bearing joint), Listing 1.18 (abnormality of major joints in any extremity), and Listing 11.14 (peripheral neuropathy)).

The ALJ then formulated Howze's residual functional capacity ("RFC"), finding that she can:

> perform light work as defined in 20 CFR 404.1567(b) except [she] cannot climb ladders, ropes or scaffolds, but can frequently climb ramps or stairs. [She] can frequently stoop, kneel, and crawl. [She] can occasionally balance and crouch. [She] can walk on even surfaces only, at a normal walking pace, and limited to distances of 50 feet per incidence of walking.

R.301. Based on this RFC, the available evidence, and testimony from a vocational expert ("VE"), the ALJ concluded that Howze could perform her past relevant work of retail salesclerk, retail sales manager, cafeteria attendant, and short order cook. R.304. The ALJ also determined that Howze could perform additional jobs that exist in significant numbers in the national economy, *i.e.*, small product assembler, hand packager, and electronics worker. R.306. The ALJ therefore determined that Howze was not disabled. *Id.*

Howze then retained counsel, R.156-60, 566, appealed the ALJ's decision to the Social Security Administration's Appeals Council, R.164, 653, and submitted additional evidence for review, R.8-23, 38-42, 50-155, 171-293, 313-486. The Appeals Council refused to "exhibit" the new evidence and denied Howze's request for review. R.1-2. The decision is ripe for this Court's review. *See* 42 U.S.C. § 405(g); *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) ("[Social Security Administration] regulations provide that, if … the [Appeals] Council denies the request for review, the ALJ's opinion becomes the final decision.").

## **Legal Standard**

A reviewing court assesses the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial

3

evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla, but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (internal quotation marks omitted).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (internal quotation marks omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

### I. Legal framework

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is ... disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant

work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (footnote omitted) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). Before moving from step three to four, the ALJ determines the claimant's RFC, which is used to evaluate steps four and five. *Id.* at 776 n.2 (quoting § 416.1520(a)(4)).

"Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops …." *Id.* at 776 (citing § 416.1520(a)(4)). The claimant bears the burden of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017). At the last step, the burden shifts to the Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.* at 753-54. The Commissioner meets this burden by identifying potential alternative jobs existing in significant numbers in the national economy. *See Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(a). The burden then "shifts back to the claimant to prove that he is unable to perform the alternate work." *Fraga*, 810 F.2d at 1302.

## II.   Howze engaged in substantial gainful activity.

The ALJ denied Howze's disability claim at the first step upon finding that she had engaged in substantial gainful activity during the relevant period.

R.300. A claimant is disabled only if she is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment." 20 C.F.R. § 404.1505(a). "Substantial gainful activity" means work that "involves doing significant physical or mental activities" even if done on a part time basis; and the work activity is "done for pay or profit, whether or not a profit is realized." *Id.* § 404.1572(a)-(b).

To meet the first step, a claimant must not have engaged in substantial gainful activity during the 12-month period from the claimed onset date. *See id.* § 404.1520(b) (substantial gainful activity precludes finding of disability); *id.* § 404.1505(a) (alleged disability must last or "be expected to last for a continuous period of not less than 12 months"). "[T]he Onset Date is the date on which [a claimant] alleges she became disabled." *Holter v. Berryhill*, 2017 WL 7803869, at *7 (S.D. Tex. Sept. 29, 2017) (quoting *Nix v. Barnhart*, 160 F. App'x 393, 396 (5th Cir. 2005) (per curiam)).

Howze alleges a disability starting on July 1, 2019, R.297, and she engaged in substantial gainful activity just 8 months later. *See* R.699, 750. The earnings threshold for substantial gainful activity in 2020 was $1,260 per month. 20 U.S.C. § 404.1574(b)(2)(ii)(B); Social Security Administration, *Substantial Gainful Activity*, https://www.ssa.gov/oact/cola/sga.html (last visited May 1, 2024). During 2020, Howze worked forty-plus hours per week as a salesclerk for Dollar General. R.510-11. She earned $21,592.92, or

6

approximately $1,800 per month. *See* R. 699; *see also* R.750 (earned $1,906.00 in February 2020). Tellingly, Howze does not address her 2020 earnings,[2] which unquestionably exceed the threshold. The ALJ therefore found that she was not disabled because "there has been no continuous 12 month period of disability." R.300.

Moreover, the timing of her substantial gainful activity negates Howze's assertion that her disability started before her last insured date—September 30, 2019. R.598; *see also Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990) ("A claimant is eligible for benefits only if the onset of the qualifying medical impairment began on or before the date the claimant was last insured."). Therefore, no matter the severity of her alleged impairments, *see* 20 C.F.R. § 404.1520(b), Howze does not qualify as disabled. For that reason alone, the ALJ's decision must stand.

### III. The RFC is based on substantial evidence.

Although the ALJ could have stopped his evaluation after step one, *see* 20 C.F.R. § 404.1520(a)(4), he determined "additionally and alternatively," that Howze is not disabled at all subsequent steps. R.300-06. Howze challenges the ALJ's determinations at steps four and five, based on the

---

[2] Howze asserts that the ALJ did not make any step one findings after the 2019 period. Dkt. 11 at 9. That is not accurate. *See* R.300 (Howze's "income rose to the level of substantial gainful activity *in 2020* and remained there for approximately 6 months") (emphasis added).

7

formulation of the RFC and the ALJ's alleged failure to develop the record. But as the Commissioner contends, there is neither error nor prejudice here.

The RFC is a predicate to steps four and five that determines "the most the claimant can still do despite [her] physical and mental limitations and is based on all relevant evidence in the claimant's record." *Kneeland*, 850 F.3d at 754 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461-62 (5th Cir. 2005)). "The ALJ is responsible for determining an applicant's residual functional capacity." *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. § 404.1546); *see also* 20 C.F.R. § 404.1527(d)(2) (Commissioner's final responsibility to craft the RFC). To do so, the ALJ examines all medical evidence in the record. *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); 20 C.F.R. § 404.1545 (RFC is based on "all the relevant evidence in [an applicant's] case record").

### A.   The ALJ did not fail to develop the record.

Howze first argues that the ALJ failed his "heightened" duty to Howze, given that she did not have representation at the administrative hearing. Dkt. 11 at 9 (citing *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). The Commissioner acknowledges this duty but contends, correctly, that the ALJ fulfilled his obligations. *See* Dkt. 12 at 6.

An ALJ's "substantial questioning" is enough to "develop the relevant facts" and satisfy his duty to a *pro se* claimant. *See James v. Bowen*, 793 F.2d 702, 704 (5th Cir. 1986) (distinguishing *Kane*). Here, the ALJ extensively

8

explained Howze's rights at her oral hearing, offered her a chance to delay the hearing 75 days so she could seek representation and submit additional medical evidence, and thoroughly questioned Howze about her alleged disability. R.490-95, 500. The ALJ also advised Howze that she would be "throw[ing] caution to the wind" to proceed without providing additional evidence because, based on the record available, "almost certainly [he] would not be able to decide in [Howze's] favor." R.499-500. Nevertheless, Howze chose to proceed, thereby knowingly and voluntarily waiving her right to representation. R.500. The ALJ's extensive colloquy more than adequately fulfilled his duty to a *pro se* claimant.

Next, Howze argues that the ALJ should have obtained a consultative examination because he did not find any medical opinions persuasive. Dkt. 11 at 10. This contention is grounded in regulations that no longer apply. Contrary to Howze's assertion, under the new regulations, the mere fact that the ALJ did not find any medical opinions persuasive is not reversible error. *See West v. Kijakazi*, 2022 WL 4137297, at *6 (S.D. Tex. Aug. 26, 2022) ("The regulations do not prohibit the ALJ from assessing the claimant's RFC based on other record evidence when he finds all medical opinions to be unpersuasive.") (citing 20 C.F.R. §§ 404.1520c, 404.1545), *adopted by* 2022 WL 4138574 (S.D. Tex. Sept. 12, 2022).

9

At bottom, substantial evidence supports the RFC, and the ALJ had no duty to develop the record further. After a tendon repair surgery in 2019, Howze developed a non-healing wound on her left ankle. R.870. But as the ALJ noted, "there was no evidence of functional loss" because she "remained independent with her activities of daily living." R.302; *see also* R.732-33 (without assistance, Howze can cook, do laundry, clean the kitchen, shop in stores, and drive). She does not use a cane and has not been prescribed one. R.524. On September 26, 2019, Howze had an operation to close the wound, and, other than the ankle wound, her examination was within normal ranges. R.1109, 1134-35. While treatment records in 2020 and 2021 show a recurrence of left leg pain, R.1183-84, the ALJ noted that "[o]nce again, there was no evidence of functional loss." R.304 (citing R.1182-85).

The ALJ also found Howze's continued work abilities highly probative of her functional capabilities. He noted that Howze's "continued recovery" and employment in 2020 and 2021 "strongly suggests that [her alleged disability] does not currently prevent work nor will it in the future." R.304. Both the objective and subjective evidence therefore support the RFC and the ALJ's further conclusion at steps four and five that Howze is not disabled.

### B. Howze has not shown prejudice.

Howze also fails to show that she was prejudiced by the claimed failure to develop the record. *See Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000)

("This Court will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure."). Howze's contention that a consultative examination would have shown that she is limited to sedentary work is purely speculative. *See* Dkt. 11 at 10; *Jones v. Astrue*, 691 F.3d 730, 735 (5th Cir. 2012) ("A mere allegation that additional beneficial evidence might have been gathered had the error not occurred is insufficient to meet [the claimant's] burden [to show prejudice].").

Further, Howze has not shown that additional medical evidence would have altered the limitations already embedded in the RFC. *See* R.301 (Howze can perform light work except that she "can walk on even surfaces only, at a normal walking pace, and limited to distances of 50 feet per incidence of walking"). Howze is correct that the ALJ's opinion does not explain how frequently she can walk those 50 feet or if she can walk six hours daily, as required to perform light work. *See* Dkt. 11 at 10. But during the oral hearing, the ALJ clarified that this limitation "doesn't mean it's a limitation per day or anything like that. It's just that the job would not be able to be one where the claimant would be required to regularly walk 100' or 200' or something, you know, back and forth around a big warehouse or anything." R.530.

Based on this clarification, the VE found that Howze could perform her past relevant work of retail salesclerk, retail sales manager, cafeteria

11

attendant, and short order cook. R.530-31. In addition, the VE found that Howze could perform other jobs that exist in significant numbers in the national economy at step five, *i.e.*, small product assembler, hand packager, and electronics worker. R.531. On this record, the Court finds no error, much less a prejudicial one.

## IV. The Appeals Council properly rejected Howze's submission of additional evidence.

After the ALJ issued his decision, Howze requested a review and submitted additional evidence for the Appeals Council's consideration. R.164. The Appeals Council did not accept this evidence because it did "not relate to the period at issue" and would not "change the outcome of the decision." R.2.

Although Howze submitted hundreds of pages of new medical records, she only specifically addresses the 2022 records on appeal. *See* Dkt. 11 at 6-8. Under the plain language of the regulations, those records are inadmissible because they post-date her oral hearing on December 21, 2021. R.487; *see* 20 C.F.R. § 404.970(a)(5) (additional evidence must "relate[] to the period on or before the date of the hearing decision").

The Appeals Council also rejected Howze's submission because it did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." R.2; *see* 20 C.F.R. § 404.970(a)(5). Many of Howze's records are irrelevant to her claimed disability. *See, e.g.*, R.182 (urgent care visit for an

12

insect bite on her right shoulder). And none of them differ materially from the record that was in front of the ALJ. *Compare* R.110 (additional 2019 record showing a chief complaint of "leg ulcer secondary to post-operative infection"), *with* R.1089 (original 2019 record reporting an "unspecified open wound, left ankle"), *and* R.860 ("Left lateral malleolus nonhealing wound with tenosynovitis and exposure of peroneus longus tendon with infection."); *see also* R.445-46 (Howze can ambulate independently and has a normal gait). There is no reason to think that these records would have changed the outcome.

Moreover, even if the Appeals Council should have accepted Howze's additional evidence, the error would be harmless. The submitted evidence has no bearing on the ALJ's adverse conclusion, at step one, that Howze engaged in substantial gainful activity during the 12 months after her alleged disability onset date. *See supra* Part II. That determination alone justifies the denial of benefits. Howze therefore has shown neither an error nor resulting prejudice.

## Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Melissa Howze's Motion for Summary Judgment (Dkt. 11). It is further **ORDERED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Signed on May 1, 2024 at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge